UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

XAVIER JAJUAN DAVIS,

    Plaintiff,

v.

CITY OF GRAND RAPIDS, et al.,

    Defendants.

_____/

Hon. Robert J. Jonker

Case No. 1:18-cv-1167

## REPORT AND RECOMMENDATION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff filed his complaint on October 12, 2018. (ECF No.1). Plaintiff is currently represented by counsel. Plaintiff, through counsel, filed his financial application to proceed *in forma pauperis*, without prepaying fees or costs. (ECF No. 2). Chief Judge Jonker has referred this application to me. For the following reasons, I recommend that plaintiff's application to proceed *in forma pauperis* be denied.

This is not a proper case for *IFP* status. Plaintiff is represented by counsel. He is suing for relief under a federal statute that includes a cost-shifting provision should plaintiff prevail. Moreover, a review of plaintiff's financial affidavit reveals that he has more than $400 in monthly discretionary income. (*See* ECF No. 2, PageID.25-29). Accordingly, it appears that plaintiff has sufficient funds to the pay the filing fee in this matter.

Dated:   October 16, 2018           /s/ Phillip J. Green
                                    PHILLIP J. GREEN
                                    United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.   28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).   All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).   Failure to file timely and specific objections may constitute a waiver of any further right of appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).   General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).